**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

  vs.                                        5:11-CV-1115
                                               (MAD/DEP)
**ANDREW GREENHOUSE,**

                **Defendant.**
_____

**APPEARANCES:**                                        **OF COUNSEL:**

OFFICE OF THE UNITED STATES ATTORNEY      William F. Larkin, Esq.
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198
*Attorney for Plaintiff*

**Mae A. D'Agostino, U.S. District Judge:**


**MEMORANDUM-DECISION AND ORDER**

**I.**      **INTRODUCTION**

      On September 20, 2011, plaintiff United States of America ("plaintiff") commenced the above captioned action alleging that defendant defaulted on a promissory note. Presently before the Court is plaintiff's motion for entry of a default judgment against defendant. (Dkt. No. 6). The Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1345.

**II.    BACKGROUND**

The Court has taken the facts set forth below from plaintiff's complaint and the Certificate of Indebtedness from the United States Department of Education executed on July 21, 2011.[1] Defendant Andrew Greenhouse is an individual and resident of New York.  On January 21, 2003, defendant executed a promissory note to secure a Direct Consolidation Loan from the U.S. Department of Education through the William D. Ford Federal Direct Loan Program.  On August 25, 2003, the loan was disbursed in two payments, $36,988.88 and $49,582.18 with interest accruing at a rate of 4% per annum. On September 17, 2010, the Department demanded payment according to the note and defendant defaulted.  The Certificate provides that, as of July 14, 2011, defendant owes the following:

| | |
|---|---|
| Principal | $ 104,812.40 |
| Interest | $   6,898.63 |
| Total | $ 111,711.03 |

The Certificate also provides that, "[i]nterest accrues on the principal shown here at a rate of $11.48 per day".

On September 20, 2011, plaintiff filed the complaint (Dkt. No. 1) alleging that defendant owes a debt as follows:

| | |
|---|---|
| Current Principal | $ 104,812.40 |
| Current Capitalized Interest Balance and Accrued Interest | $   6,898.63 |
| Administrative Fee, Costs, Penalties | $          0 |
| Attorneys' Fees | $          0 |
| Total | $ 111,711.03 |

---

[1] Defendant has submitted no contrary evidence as to the material facts.

2

Plaintiff seeks the sum above plus prejudgment interest from July 14, 2011 through the date of judgment, filing fees and all administrative costs allowed by law and post-judgment interest pursuant to 28 U.S.C. § 1961.

### III.	DISCUSSION
#### A.	Default Judgment

"Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y.1987). Fed.R.Civ.P. 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before a motion for default motion may be granted.  Plaintiff must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit of non-military service and evidence that defendant is neither an infant nor incompetent. *See* Fed.R.Civ.P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

As referenced above, plaintiff filed a complaint on September 20, 2011. On November 10, 2011, plaintiff filed the return of service with the Court.  Plaintiff avers that defendant never answered or otherwise moved with respect to the complaint, thus on December 6, 2011, plaintiff requested a clerk's entry of default.  Said default was entered on September 8, 2011.  On December 12, 2011, plaintiff filed a notice of motion for default judgment pursuant to Fed.R.Civ.P.  55(b).  Plaintiff has fulfilled the procedural prerequisites for default judgment. Accordingly, the Court will address the issues of liability and damages.

3

**B.     Liability**

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Greyhound Exhibitgroup v. E.L. U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992). The only question remaining is whether plaintiff has provided adequate support for the relief sought. *Id*. The allegations in plaintiff's complaint and supporting papers are therefore presumed accurate.

Here, plaintiff claims that defendant defaulted on his obligations under the Note. By failing to answer plaintiff's complaint or oppose this motion, defendant has effectively conceded that he is bound by the terms of the Note he entered into with plaintiff, and liable for the entire amount as assessed by plaintiff, as well as interest. Plaintiff has met the "modest threshold burden in establishing entitlement to a default judgment against defendant, under the circumstances". *See U.S. v. Simmons*, 2012 WL 685498, at *2 (N.D.N.Y. 2012).

**C.     Damages**

Courts have previously awarded plaintiffs damages relying solely on Certificates of Indebtedness. *U.S. v. Zdenek*, 2011 WL 6754100, at *2 (E.D.N.Y. 2011) (collecting cases). Here, according to the Certificate of Indebtedness, $104,812.40 in principal remains due and owing to plaintiff, $6,898.63 in accrued interest until July 14, 2011, plus additional interest in the amount of $11.48 per day through the date of judgment.[2] The Court awards plaintiff the aforementioned amount. *See id.*

---

[2] This amount includes $36,988.88 + $49,582.18 (disbursements) + $18.241.34 in unpaid interest. The amount includes credits in the amount of $2,985.82from, "payments from all sources, including Treasury Department offsets". These credits were, "previously applied".

4

In addition, plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961. The statute provides, in pertinent part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

"Post-judgment interest serves as a means to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant". *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101 (2d Cir. 2004) (citation and quotation omitted). An award of post-judgment interest is mandatory in any civil case where money damages are recovered. *U.S. v. Saccente*, 2011 WL 1044475, at *2 (E.D.N.Y. 2011). Accordingly, plaintiff is awarded post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

Plaintiff also seeks $150.00 for the U.S. District Court Filing Fee pursuant to 28 U.S.C. § 2412(a)(2). Although pursuant to 28 U.S.C. § 2412, an amount equal to the filing fee may be awarded in a civil action brought by the United States, the United States is not required to pay a filing fee when initiating an action in federal court. *Zdenek*, 2011 WL 6754100, at *3 (collecting cases). Here, no evidence of payment of a filing fee has been provided and the docket contains no evidence of payment or a receipt. Plaintiff has not articulated any reason why the Court should exercise its discretion to make such an award. *U.S. v. Benain*, 2011 WL 5838488, at *1 (E.D.N.Y. 2011). Accordingly, the Court denies plaintiff's request for $350.00 for filing fees. *See id.; see also Simmons,* 2012 WL 685498, at *2.

5

## IV. CONCLUSION

It is hereby

**ORDERED** that in view of default by defendant in failing to answer the complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendant and no appearance or objection having been made by defendant since that time, plaintiff's motion for default judgment (Dkt. No. 6) against defendant is **GRANTED**; it if further

**ORDERED** that plaintiff is awarded $111,711.03 in unpaid principal, $6,898.63 in accrued interest, an additional $11.48 in interest for each day after July 14, 2011 until judgment is entered, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

The Clerk of the Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: March 27, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge